XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
PAUL STEIN
Deputy Attorney General
State Bar No. 184956
EMMANUELLE S. SOICHET
Deputy Attorney General
State Bar No. 290754
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 703-5974
 Fax: (415) 703-1234
 E-mail: Emmanuelle.Soichet@doj.ca.gov
*Attorneys for Defendant California Secretary of State Alex Padilla, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **JUDICIAL WATCH, INC., ELECTION INTEGRITY PROJECT CALIFORNIA, INC., WOLFGANG KUPKA, RHUE GUYANT, JERRY GRIFFIN, and DELORES M. MARS,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEAN C. LOGAN, in his official capacity as the Registrar-Recorder/County Clerk of Los Angeles County, California, and ALEX PADILLA, in his official capacity as the California Secretary of State,**<br><br>Defendants. | 2:17-cv-08948-R-SK<br><br>**ANSWER OF CALIFORNIA SECRETARY OF STATE ALEX PADILLA**<br><br>Judge: Hon. Manuel L. Real<br><br>Action Filed: 12/13/2017 |

1

Defendant California Secretary of State Alex Padilla, in his official capacity ("Defendant"), answers the Complaint for Declaratory and Injunctive Relief (the "Complaint") filed by Plaintiff Judicial Watch, Inc. ("Judicial Watch"), Election Integrity Project California, Inc. ("EIPC"), Wolfgang Kupka, Rhue Guyant, Jerry Griffin, and Delores M. Mars (collectively, "Plaintiffs") as follows:

1. Paragraph 1: Defendant admits the allegations in this paragraph.

2. Paragraph 2: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

3. Paragraph 3: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

4. Paragraph 4: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

5. Paragraph 5: Defendant admits there is an individual named "Wolfgang Kupka" who currently resides in, is currently registered to vote in, and has voted in Los Angeles County. Defendant lacks information or belief sufficient to admit or deny the remaining allegations in this paragraph, and denies them on that basis.

6. Paragraph 6: Defendant admits there is an individual named "Rhue Guyant" who currently resides in, is currently registered to vote in, and has voted in Los Angeles County. Defendant lacks information or belief sufficient to admit or deny the remaining allegations in this paragraph, and denies them on that basis.

7. Paragraph 7: Defendant admits there are four individuals named "Jerry Griffin" who currently reside in, are currently registered to vote in, and have voted in Los Angeles County. Defendant lacks information or belief sufficient to admit or deny the remaining allegations in this paragraph, and denies them on that basis.

8. Paragraph 8: Defendant admits there is an individual named "Delores M. Mars" who currently resides in, is currently registered to vote in, and has voted in Los Angeles County. Defendant lacks information or belief sufficient to admit or deny the remaining allegations, and denies them on that basis.

9. Paragraph 9: Defendant admits that Dean C. Logan is the Registrar-Recorder/County Clerk for the County of Los Angeles. Defendant admits that the regulation cited speaks for itself. As to the remainder of the allegations in this paragraph, Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

10. Paragraph 10: Defendant admits that he has served as the Secretary of State for the State of California since January 5, 2015. Defendant admits that the statutes cited speak for themselves. Except as so admitted, Defendant denies the allegations of this paragraph.

11. Paragraph 11: Defendant admits the allegations in this paragraph.

12. Paragraph 12: The allegations of this paragraph characterize the requirements of the National Voter Registration Act ("NVRA") and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA speaks for itself, and denies any remaining allegations.

13. Paragraph 13: The allegations of this paragraph characterize the NVRA's requirements and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA speaks for itself, and denies any remaining allegations.

14. Paragraph 14: The allegations of this paragraph characterize the NVRA's requirements and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA speaks for itself, and denies any remaining allegations.

15. Paragraph 15: The allegations of this paragraph characterize the NVRA's requirements and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA speaks for itself, and denies any remaining allegations.

16. Paragraph 16: The allegations of this paragraph characterize the requirements of a California regulation and, as such, require no answer. To the

extent they may require an answer, Defendant admits that the regulation speaks for itself, and denies any remaining allegations.

17. Paragraph 17: The allegations of this paragraph characterize the requirements of the NVRA and California regulation, and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA and regulation cited speak for themselves, and denies any remaining allegations.

18. Paragraph 18: Because both the source of the alleged obligation to count inactive registrations as part of a county's voter registration list, and the purpose for which inactive registrations allegedly must be counted, are unspecified, Defendant lacks information sufficient to admit or deny the allegations in this paragraph and denies them on that basis.

To the extent the subject heading immediately following Paragraph 18 is deemed an allegation of the Complaint, Defendant denies the allegation.

19. Paragraph 19: The allegations of this paragraph characterize the requirements of 52 U.S.C. § 20508(a)(3), and, as such, require no answer. To the extent they may require an answer, Defendant admits that the statute cited speaks for itself, and denies any remaining allegations.

20. Paragraph 20: The allegations of this paragraph characterize the requirements of federal regulation, and, as such, require no answer. To the extent they may require an answer, Defendant admits that the regulation cited speaks for itself, and denies any remaining allegations.

21. Paragraph 21: Defendant admits that the U.S. Election Assistance Commission published a report titled "The Election Administration and Voting Survey: 2016 Comprehensive Report" in June 2017. Defendant admits that the report and related data "highlights" are available online at https://www.eac.gov/research-and-data/election-administration-voting-

survey/default.aspx. Defendant lacks information or belief sufficient to admit or deny the remaining allegations, and denies them on that basis.

22. Paragraph 22: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

23. Paragraph 23: Defendant denies the allegations in this paragraph.

24. Paragraph 24: Because the allegations in this paragraph are uncertain as to the time period in question, and the specific "data" used to calculate the claimed percentages are unspecified, Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

25. Paragraph 25: Because the allegations in this paragraph are uncertain as to the time period in question, the specific data used to calculate the claimed percentages are unspecified, and the phase "adult citizen registration rates" is undefined, Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

26. Paragraph 26: Because the allegations in this paragraph are uncertain as to the time period in question, the specific data used to calculate the claimed percentages are unspecified, and the phase "registration rate" is undefined, Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

27. Paragraph 27: Because the allegations in this paragraph are uncertain as to the time period in question, the specific data used to calculate the claimed percentage are unspecified, and the phase "registration rate" is undefined, Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

28. Paragraph 28: Defendant denies the allegations in this paragraph. To the extent the subject heading immediately following Paragraph 28 is deemed an allegation of the Complaint, Defendant denies the allegation.

29. Paragraph 29: Defendant denies the allegations in this paragraph.

1    30.   Paragraph 30:   Defendant denies the allegations in this paragraph.

2    31.   Paragraph 31:   Defendant denies the allegations in this paragraph.

3    32.   Paragraph 32:   Defendant denies the allegations in this paragraph.

4    33.   Paragraph 33:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

6    34.   Paragraph 34:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

8    35.   Paragraph 35:   Defendant admits the allegations in this paragraph.

9    36.   Paragraph 36:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

11   37.   Paragraph 37:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

13   38.   Defendant denies the allegations of this paragraph.

To the extent the subject heading immediately following Paragraph 38 is deemed an allegation of the Complaint, Defendant denies the allegation.

16   39.   Paragraph 39:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

18   40.   Paragraph 40:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

20   41.   Paragraph 41:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

22   42.   Paragraph 42:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

24   43.   Paragraph 43:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

26   44.   Paragraph 44:   Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

45. Paragraph 45: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

46. Paragraph 46: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

47. Paragraph 47: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

To the extent the subject heading immediately following Paragraph 47 is deemed an allegation of the Complaint, Defendant denies the allegation.

48. Paragraph 48: The allegations of this paragraph characterize the requirements of California Elections Code section 2226 and, as such, require no answer. To the extent they may require an answer, Defendant admits that the statute cited speaks for itself, and denies any remaining allegations.

49. Paragraph 49: Defendant admits the allegations in this paragraph.

50. Paragraph 50: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

51. Paragraph 51: Defendant admits the allegations in this paragraph.

52. Paragraph 52: Defendant denies the allegations in this paragraph.

53. Paragraph 53: The allegations in the first sentence of Paragraph 53 characterize the NVRA's requirements and, as such, require no answer. To the extent they may require an answer, Defendant admits that the NVRA speaks for itself, and denies any remaining allegations. Defendant denies the allegations in the second sentence in Paragraph 53.

54. Paragraph 54: Defendant lacks information or belief sufficient to admit or deny the allegation that "Los Angeles County has the highest number of inactive registrations of any county in the country," and denies it on that basis. Defendant denies the remaining allegations of this paragraph.

55. Paragraph 55: Defendant denies the allegations of this paragraph.

56. Paragraph 56: Defendant denies the allegations of this paragraph.

To the extent the subject heading immediately following Paragraph 56 is deemed an allegation of the Complaint, Defendant denies the allegation.

57. Paragraph 57: Defendant admits that his office reported to the U.S. Elections Assistance Commission that the County of Los Angeles sent 187,329 removal notices between November 2014 and November 2016. Defendant denies the remaining allegations of this paragraph.

58. Paragraph 58: Defendant admits that his office reported to the U.S. Elections Assistance Commission that the County of Los Angeles has 5,238,894 active registered voters. Defendant denies the remaining allegations of this paragraph.

59. Paragraph 59: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

60. Paragraph 60: Defendant denies the allegations of this paragraph.

61. Paragraph 61: Defendant denies the allegations of this paragraph.

To the extent the subject heading immediately following Paragraph 61 is deemed an allegation of the Complaint, Defendant denies the allegation.

62. Paragraph 62: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

63. Paragraph 63: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

64. Paragraph 64: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

65. Paragraph 65: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

66. Paragraph 66: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

67. Paragraph 67: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

68. Paragraph 68: Defendant denies the allegations in this paragraph.

To the extent the subject heading immediately following Paragraph 68 is deemed an allegation of the Complaint, Defendant denies the allegation.

69. Paragraph 69: Defendant admits that he received a letter as described in this paragraph that Judicial Watch sent on behalf of itself, EIPC, and twenty-one individuals (the "August 1, 2017 letter"). Defendant lacks information or belief sufficient to admit or deny the remaining allegations, and denies them on that basis.

70. Paragraph 70: Defendant admits the August 1, 2017 letter stated that research by the letter's authors purported to show "there were more total registered voters than there were adults over the age of 18 living in" eleven counties in California. Defendant denies the remaining allegations.

71. Paragraph 71: Defendant admits that the August 1, 2017 letter stated that "in [the authors'] experience, these kinds of registration rates indicate a failure to comply with the voter list maintenance requirements of the NVRA." Defendant admits the letter requested that Defendant and the counties identified in the letter respond in writing within 30 days and inform Judicial Watch "of the compliance steps [Defendant is] taking." Defendant denies the remaining allegations in this paragraph.

72. Paragraph 72: Defendant admits that the August 1, 2017 letter requested certain records, as described in this paragraph. Defendant admits that the letter also stated that "[i]f these records are not produced within 14 days, or if you fail to otherwise advise us that you are making them available to us at specified times and locations, you will be deemed in violation of the NVRA and subject to litigation." Defendant denies the remaining allegations of this paragraph.

73. Paragraph 73: Defendant denies the allegations in this paragraph.

74. Paragraph 74: Defendant admits the allegations in this paragraph.

75. Paragraph 75: Defendant admits that Defendant Logan sent a response letter on August 16, 2017. Defendant admits that Defendant Logan's letter from

August 16, 2017 described the number of active registered voters and the estimated number of eligible voters in the County of Los Angeles, and explained that approximately 84.3 percent of the estimated eligible voting age population is actively registered to vote in that county.  Defendant admits that the letter further distinguished between active and inactive status, as set forth under California and federal law.  Except as so admitted, Defendant denies the allegations in this paragraph.

76.  Paragraph 76: Defendant admits that Defendant Logan's letter from August 16, 2017 stated that Judicial Watch had not supported the assertions in its August 1 letter.  Defendant admits that Defendant Logan requested that Judicial Watch identify its sources and data for its analysis, its methodology, and details about its allegations specific to Los Angeles.  Except as so admitted, Defendant denies the allegations in this paragraph.

77.  Paragraph 77: Defendant admits that Defendant Logan's letter from August 16, 2017, responded to each of the six specific records requests in Judicial Watch's August 1, 2017 letter.  Except as so admitted, Defendant denies the allegations in this paragraph.

78.  Paragraph 78: Defendant admits that Defendant Logan's letter from August 16, 2017, responded to each of the six specific records requests in Judicial Watch's August 1, 2017 letter.  Defendant admits that Defendant Logan's letter stated that records in response to the first request were not subject to disclosure under federal or state law.  The letter further stated that Logan did not have records responsive to four other requests and provided a URL link to records responsive to the remaining request.  Except as so admitted, Defendant denies the allegations in this paragraph.

79.  Paragraph 79: Defendant admits that Judicial Watch responded to Defendant Logan's letter in writing on August 31, 2017.  Defendant admits that Judicial Watch objected to Logan's letter, stated it believed "it is proper to consider

both active and inactive registered voters" in its analysis, and questioned Logan's responses to its records requests. Except as so admitted, Defendant denies the allegations in this paragraph.

80. Paragraph 80: Defendant denies the allegations in this paragraph.

81. Paragraph 81: Defendant admits that the "Second Notice Letter" speaks for itself, and denies any remaining allegations in the first sentence in this paragraph. Defendant denies the allegations in the second sentence in this paragraph.

To the extent the subject heading immediately following Paragraph 81 is deemed an allegation of the Complaint, Defendant denies the allegation.

82. Paragraph 82: Defendant denies the allegations in this paragraph.

83. Paragraph 83: Defendant admits the allegations in this paragraph.

84. Paragraph 84: Defendant denies the allegations in this paragraph.

85. Paragraph 85: Defendant denies the allegations in this paragraph.

86. Paragraph 86: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

87. Paragraph 87: The allegations of this paragraph characterize the requirements of California law and, as such, require no answer. To the extent they may require an answer, Defendant admits that the cited statutes speaks for themselves, and denies any remaining allegations.

88. Paragraph 88: Defendant denies the allegations in this paragraph.

89. Paragraph 89: Defendant denies the allegations in this paragraph.

90. Paragraph 90: Defendant denies the allegations in this paragraph.

91. Paragraph 91: Defendant denies the allegations in this paragraph.

To the extent the subject heading immediately following Paragraph 91 is deemed an allegation of the Complaint, Defendant denies the allegation.

92. Paragraph 92: Defendant lacks information or belief sufficient to admit or deny the allegations, and denies them on that basis.

1    93.  Paragraph 93: Defendant lacks information or belief sufficient to admit
2 or deny the allegations in the first and third sentences in this paragraph, and denies
3 them on that basis.  Defendant admits the allegations in the remainder of this
4 paragraph.
5    94.  Paragraph 94: Defendant denies the allegations in this paragraph.
6    95.  Paragraph 95: Defendant lacks information or belief sufficient to admit
7 or deny the allegations, and denies them on that basis.
8    96.  Paragraph 96: Defendant lacks information or belief sufficient to admit
9 or deny the allegations, and denies them on that basis.
10    97.  Paragraph 97: Defendant denies the allegations in this paragraph.
11    98.  Paragraph 98: Defendant lacks information or belief sufficient to admit
12 or deny the allegations, and denies them on that basis.
13    99.  Paragraph 99: Defendant lacks information or belief sufficient to admit
14 or deny the allegations, and denies them on that basis.
15    100. Paragraph 100: Defendant lacks information or belief sufficient to admit
16 or deny the allegations, and denies them on that basis.
17    101. Paragraph 101: Defendant lacks information or belief sufficient to admit
18 or deny the allegations, and denies them on that basis.
19    102. Paragraph 102: Defendant lacks information or belief sufficient to admit
20 or deny the allegations, and denies them on that basis.
21    103. Paragraph 103: Defendant lacks information or belief sufficient to admit
22 or deny the allegations, and denies them on that basis.
23    104. Paragraph 104: Defendant admits that there is an individual named
24 "Wolfgang Kupka," an individual named "Rhue Guyant," an individual named
25 "Delores M. Mars," and four individuals named "Jerry Griffin" who are registered
26 to vote in Los Angeles County.  Defendant lacks information or belief sufficient to
27 admit or deny the remaining allegations in this paragraph, and denies them on that
28 basis.

105. Paragraph 105:  Defendant denies the allegations in this paragraph.

106. Paragraph 106:  Defendant denies the allegations in this paragraph.

107. Paragraph 107:  Defendant denies the allegations in this paragraph that individual members of Judicial Watch have been "injur[ed] with respect to Los Angeles County's failure to satisfy its voter list maintenance obligations under the NVRA."  Defendant lacks information or belief sufficient to admit or deny the remaining allegations in this paragraph, and denies them on that basis.

108. Paragraph 108:  Defendant denies the allegations in this paragraph.

109. Paragraph 109:  Defendant denies the allegations in this paragraph.

110. Paragraph 110:  This paragraph does not contain any allegations to be admitted or denied.

111. Paragraph 111:  Defendant denies the allegations in this paragraph.

112. Paragraph 112:  Defendant denies the allegations in this paragraph.

113. Paragraph 113:  Defendant denies the allegations in this paragraph.

114. Paragraph 114:  This paragraph does not contain any allegations to be admitted or denied.

115. Paragraph 115:  Defendant denies the allegations in this paragraph.

116. Paragraph 116:  Defendant denies the allegations in this paragraph.

117. Paragraph 117:  Defendant denies the allegations in this paragraph.

Defendant denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief immediately following Paragraph 117, or to any relief whatsoever.  To the extent the Prayer for Relief restates any allegations, Defendant denies them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fail to state facts sufficient to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred because Plaintiffs do not have standing to bring them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not provided the written notice of a violation of Section 8(a)(4) or Section 8(i) of the NVRA that is required by 52 U.S.C. § 20510(b)(1) before bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's actions are and have been at all times in compliance with applicable laws and within the discretion accorded under the NVRA.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's actions are and have been at all times in compliance with Section 8(a)(4) of the NVRA (52 U.S.C. § 20507(a)(4)) because it has established a program that meets the requirements of Section 8(c)(1) of the NVRA (52 U.S.C. § 20507(c)(1)).

### SIXTH AFFIRMATIVE DEFENSE

Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant reserves the right to assert and rely upon such other defenses as may become available.

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendant;
3. Defendant be awarded costs incurred in defending this action;
4. Defendant be awarded such further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2018 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | TAMAR PACHTER<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Emmanuelle S. Soichet |
| 6 | | EMMANUELLE S. SOICHET<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendant*<br>*California Secretary of State Alex*<br>*Padilla, in his official capacity* |
| 8 | SA2017109842 | |