NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.; et al., | ) | CASE NO. CV 17-8948-R |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING MI FAMILIA VOTA |
| | ) | EDUCATION FUND, ROCK THE VOTE, |
| v. | ) | LEAGUE OF WOMEN VOTERS OF LOS |
| | ) | ANGELES, AND CALIFORNIA |
| DEAN C. LOGAN; et al., | ) | COMMON CAUSE'S MOTIONS TO |
| | ) | INTERVENE |
| Defendants. | ) | |
| | ) | |

Before the Court is Mi Familia Vota Education Fund, Rock the Vote, and League of Women Voters of Los Angeles's ("Intervenors") Motion to Intervene, filed on April 17, 2018, and California Common Cause's ("CCC") Motion to Intervene, filed on May 14, 2018.  (Dkts. 31, 43). Having been briefed by all parties, this Court took the matters under submission on May 31, 2018.

Plaintiffs bring this action under Section 8 of the National Voter Registration Act of 1993 ("NVRA").  Defendants Dean Logan, Los Angeles County's Registrar-Recorder/County Clerk, and Alex Padilla, California's Secretary of State, act in their official capacities to represent the State of California.  Plaintiffs allege that California has failed to follow the policies and practices required for maintaining voter registration rolls—written records of eligible, registered voters—by not removing ineligible voters from the rolls.  As a result, Plaintiffs seek a court order requiring Defendants to develop and enforce a general program aimed at making reasonable efforts to remove ineligible voters from Los Angeles County's registration rolls.

The Intervenors are three nonpartisan voter engagement organizations that target voters in Los Angeles County and California to improve voter registration efforts. The Intervenors concentrate on engaging members of the Latino community, mobilizing young voters, and encouraging people of color and low-income Americans to participate in the voting process. CCC is a nonprofit organization that aims to involve more citizens in the political process by assisting and mobilizing voters. Intervenors and CCC move to intervene as defendants.

Applicants for intervention under Federal Rule 24(a)(2) must meet a four part test: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

In evaluating timeliness, courts consider "the state of the proceeding, prejudice to the other parties, and the reason for and length of the delay." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Here, both the Intervenors and CCC filed their motions before any hearings or rulings on substantive matters. Accordingly, this factor favors intervention. *See id.*

The requirement of a significantly protectable interest is generally satisfied when the interest is protectable under some law and there is a relationship between the legally protected interest and the claims at issue. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Id*. Here, Intervenors and CCC have a legally protected interest to ensure that eligible voters maintain their right to vote and remain on the voter rolls. However, there is no relationship between this interest and the claims at issue. Plaintiffs request that Defendants reasonably attempt to remove *ineligible* voters from the voter rolls. Removing ineligible voters from the voter rolls will not affect eligible voters' rights. Accordingly, Intervenors and CCC do not satisfy the second prong.

An applicant's ability to protect his or her interest is impaired or impeded if, in the absence of the applicant's intervention, the applicant is "substantially affected in a practical sense by the

determination made in an action." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Here, Intervenors and CCC are not substantially affected by the outcome of this action as it pertains to only *ineligible* voters. The Intervenors and CCC speculate that eligible voters risk wrongful removal from voter rolls. Should that occur, Intervenors and CCC may bring a separate, private cause of action to vindicate these voters' rights. Intervenors and CCC's rights will not be harmed if ineligible voters are removed from the voter rolls. Accordingly, Intervenors and CCC do not satisfy the third prong.

The fourth part of the test assesses whether the existing parties adequately represent an applicant's interest. To determine the adequacy of representation, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Id.*

Here, Defendants are government officials charged with enforcing state election laws and promoting voter registration to eligible voters. They share the same interest as Intervenors and CCC in protecting eligible voters' right to vote. Defendants have specifically stated that they intend to represent and defend the voting interest that Intervenors and CCC claim in their motions. That the Intervenors and CCC may approach litigation differently than Defendants does not justify intervention. Because Intervenors and CCC have not made a compelling showing to the contrary, the presumption that Defendants will adequately represent the citizens of California applies. As Intervenors and CCC fail to meet all four prongs of the test for intervention as of right, their motions to intervene are denied.

"Where a party may not intervene as a matter of right, the trial court may consider whether permissive intervention is appropriate." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326,

3

1329 (9th Cir. 1977). An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main actions; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. In exercising its discretion, the district court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

Intervenors and CCC do not meet the threshold requirements because they do not share a common question of law or fact with the underlying action. Here, Plaintiffs are suing Defendants to enforce the NVRA and remove ineligible voters from the voter rolls. By contrast, Intervenors and CCC are concerned with *eligible* voters being wrongfully removed from the list. There is no reason that eligible voters would be removed from voter rolls if Plaintiffs are successful. In fact, it is purely speculative that eligible voters would be injured by ordering compliance with the NVRA. Additionally, the proposed intervenors are likely to delay the main action as the case would expand to six defendants. Accordingly, this Court denies permissive intervention for Intervenors and CCC.

**IT IS HEREBY ORDERED** that Mi Familia Vota Education Fund, Rock the Vote, and League of Women Voters of Los Angeles' Motion to Intervene is DENIED. (Dkt. 31).

**IT IS FURTHER ORDERED** that California Common Cause's Motion to Intervene is DENIED. (Dkt. 43).

Dated: July 12, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE