# Exhibit A

# Settlement Agreement

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made and entered into between Judicial Watch, Inc. ("Judicial Watch"), Election Integrity Project California, Inc., Wolfgang Kupka, Rhue Guyant, Jerry Griffin, and Delores M. Mars (collectively, "Plaintiffs"), Dean C. Logan in his official capacity as the Registrar-Recorder/County Clerk of Los Angeles County ("Registrar Logan") and Alex Padilla, in his official capacity as the California Secretary of State ("Secretary Padilla"). Registrar Logan and Secretary Padilla may collectively be referred to as "Defendants" and all the parties to this agreement may collectively be referred to as "the Parties."

**WHEREAS,** Plaintiffs and Defendants are the Parties to the action entitled *Judicial Watch, Inc., et al. v. Logan, et al.*, currently pending before the United States District Court for the Central District of California, Case Number 17-CV-08948 (the "Action").

**WHEREAS,** The Parties, through counsel, have conferred and agreed that this action should be resolved without the delay and expense of further litigation. The Parties share the goals of (1) protecting the integrity of the election process by implementing procedures that ensure the accuracy of voter registration through comprehensive maintenance of the official lists of registered voters, and (2) ensuring that California residents are not removed from official lists of registered voters absent the procedural safeguards set forth in the National Voter Registration Act of 1993 ("NVRA"). Accordingly, the Parties have negotiated in good faith to resolve this matter on the terms set forth below with the Court retaining jurisdiction to enforce the settlement if necessary.

**WHEREAS,** The State of California is subject to the requirements of the NVRA. 52 U.S.C. §§ 20502(4), 20503(b), 20507.

**WHEREAS**, The United States District Court for the Central District of California has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331 and 1345.  Venue is proper in this district pursuant to 28 U.S.C. §§ 84(c) and 1391(b).

**WHEREAS,** Plaintiffs brought suit under the NVRA's private right of action, 52 U.S.C. § 20510(b), and the Court has subject matter jurisdiction over Plaintiffs' claims, which arise under federal law.  28 U.S.C. § 1331.

**WHEREAS,** Registrar Logan is the Registrar-Recorder/County Clerk of Los Angeles County, California, and is, under California law, the county elections official responsible for collecting and processing voter registration data.  Cal. Code Regs. tit. 2, § 20108.1(i).  Secretary Padilla is the Secretary of State of California and is its chief state elections official.  Cal. Elec. Code § 2402(a); *see* 52 U.S.C. § 20509.  Defendants are proper parties to this action.

**WHEREAS**, The NVRA was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office," "to make it possible for Federal, State, and local governments to implement [the NVRA] in a manner that enhances the participation of eligible citizens as voters in elections for Federal office," "to protect the integrity of the electoral process," and  "to ensure that accurate and current voter registration rolls are maintained."  52 U.S.C. § 20501(b)(1), (4).

**WHEREAS**, Section 8 of the NVRA ("Section 8") addresses state voter list maintenance procedures for elections for federal office.  52 U.S.C. § 20507.

**WHEREAS**, Section 8 provides that programs to maintain accurate and current voter registration lists must be uniform and nondiscriminatory, must comply with the Voting Rights Act of 1965, and must not remove registrants solely by reason of a registrant's failure to vote.  52 U.S.C. § 20507(b)(1), (2).

**WHEREAS**, Section 8 also requires states to conduct a general voter registration list maintenance program that makes a reasonable effort to remove

persons from the voter list who have become ineligible by reason of death or a change in residence of the registrant, in accordance with procedures set forth in the NVRA.  52 U.S.C. § 20507(a)(4).

**WHEREAS**, Under Section 8(d), 52 U.S.C. § 20507(d), a registration is subject to removal from the official list of eligible voters on grounds of a change of residence if:

(a) The registrant fails to respond to a notice (a "Section 8(d)(2) Notice") that includes a postage prepaid and preaddressed return card sent by forwardable mail, on which the registrant may state his or her current address, and which contains specific instructions and information consistent with the language set forth in 52 U.S.C. § 20507(d)(2), and

(b) The registrant then fails to vote or appear to vote (or to correct the Registrar's record) during the period ending on the day after the second federal general election subsequent to the Section 8(d)(2) notice being sent.  52 U.S.C. § 20507(d)(1)(B).

**WHEREAS**, Cal. Elec. Code § 2226(b) provides that "[t]he voter registration of any voter whose name has been placed on the inactive file of registered voters for failure to respond to an address verification mailing required by Section 2225, and who does not offer to vote or vote at any election between the date of the mailing and two federal general elections after the date of that mailing, may be canceled."  Cal. Elec. Code § 2225 describes forwardable address-confirmation notices that are to be sent to registered voters believed to have changed addresses.

**WHEREAS**, Plaintiffs alleged in their complaint, and have maintained in this litigation, that a registrant who meets the conditions specified in Section 8(d)(1) of the NVRA must be removed from the voter rolls.

**WHEREAS**, Defendants alleged in answering the complaint, and have maintained in this litigation, that the removal from the rolls of a registrant who meets the conditions specified in Section 8(d)(1) of the NVRA is permissive, not mandatory.

**WHEREAS**, The State's NVRA manual and guidance published by the Office of the Secretary of State were informed by that interpretation of the NVRA, and the Office of the Registrar-Recorder/County Clerk of Los Angeles County has maintained a list maintenance program in line with that understanding.

**WHEREAS**, All Parties' legal positions constitute good-faith interpretations of the relevant statute.

**WHEREAS**, On June 11, 2018, the United States Supreme Court issued its ruling in *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018).  The opinion in that case stated that Section 8(d)

> provides that a State may remove a registrant who "(i) has failed to respond to a notice" and "(ii) has not voted or appeared to vote . . . during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice" (about four years).  52 U. S. C. §20507(d)(1)(B).  Not only are States allowed to remove registrants who satisfy these requirements, **but federal law makes this removal mandatory**.

*Id.* at 1841-42 (emphasis added), citing 52 U.S.C. § 20507(d)(3); 52 U.S.C. § 21083(a)(4)(A).

**WHEREAS**, Because of the above-referenced language from the *Husted* decision, the Parties agree that this action should be resolved without further litigation and without any admission of liability or wrongdoing by Defendants.

**WHEREAS**, The Parties agree to work in a fair, reasonable, and collaborative fashion under the terms of this Agreement as set forth below.

**NOW, THEREFORE**, in consideration of the mutual promises and releases set forth below, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1. Defendants represent that, as of April 27, 2018, there were approximately 1,565,000 registrations on Los Angeles County's inactive file of registered voters.

2. All registrations that are on Los Angeles County's inactive file of registered voters but that are not currently scheduled to be cancelled after the expiration of the statutory waiting period described in 52 U.S.C. § 20507(d)(1)(B)(ii), shall be mailed an address confirmation notice consistent with the requirements of 52 U.S.C. § 20507(d)(2), including the notice language specified by that provision, by March 4, 2019.

3. Registrar Logan shall make a reasonable effort to determine, by February 4, 2019, which of the registrations on Los Angeles County's inactive file of registered voters may be cancelled pursuant to each of the following provisions:

   (a) All registrations on Los Angeles County's inactive file of registered voters that are associated with registrants who were sent a Section 8(d)(2) Notice, who have not responded to that Notice, and who have been on the inactive file for two general federal elections, shall be cancelled by February 18, 2019, unless prior to that time the registrant votes, appears to vote, corrects their voter record, or is otherwise able to confirm the registrant's eligibility to vote.

    (b)  All registrations on Los Angeles County's inactive file of registered voters that are associated with registrants who were sent a Section 8(d)(2) Notice, who have not responded to that Notice, and who have been on the inactive file for a period of time that has included one general federal election, shall be cancelled within 90 days following the next general federal election, unless, prior to that time, the registrant votes, appears to vote, or corrects their voter record or is otherwise able to confirm the registrant's eligibility to vote.

    (c)  All registrations on Los Angeles County's inactive file of registered voters that are associated with registrants who were sent a Section 8(d)(2) Notice, who have not responded to that Notice, and who have been on the inactive file for a period of time that does not include a general federal election, shall be cancelled within 90 days following the second of the next two general federal elections, unless, prior to that time, the registrant votes, appears to vote, or corrects their voter record or is otherwise able to confirm the registrant's eligibility to vote.

4.    Plaintiffs may request reasonable assurances that Defendants reasonably are making or have made the determinations described in the preceding paragraph. Defendants shall accommodate Plaintiffs' requests as long as they are not unduly burdensome.

5.    All registrations that come to be placed on Los Angeles County's inactive file of registered voters in the future that are associated with registrants who do not respond to a Section 8(d)(2) Notice shall be cancelled within 90 days following the second of the next two general federal elections occurring after the

registration is placed on that list, unless, prior to that time, the registrant votes, appears to vote, or corrects their voter record or Defendants are otherwise able to confirm the registrant's eligibility to vote.

6.  When a Los Angeles County registrant is sent a forwardable notice pursuant to 52 U.S.C. § 20507(d)(2), and if that mailing is not responded to or is returned as undeliverable, Los Angeles County's elections officials shall place the voter's name on Los Angeles County's inactive file of registered voters. The Secretary of State acknowledges that this implementation of Section 8(d)(2) is not inconsistent with the NVRA.

7.  Defendants will continue to implement programs to identify registrants who may have moved or passed away, to send notices pursuant to 52 U.S.C. § 20507(d)(2), to place registrations on the inactive file of registered voters, and to comply with the NVRA.

### *Information to be Clarified by the Office of the Secretary of State*

8.  The Office of the Secretary of State shall remove from its website a document titled "California NVRA Manual," updated August 2015. In any replacement for this manual, the Secretary of State shall alter the instructions provided in the Voter List Maintenance chapter (Chapter 5) of that manual to conform to the statement cited above from *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018).

9.  The Office of the Secretary of State shall send a written advisory to all County Clerks/Registrars of Voters in California stating that the cited language from *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018) indicates that current federal law requires the cancellation of a registrant who has failed to respond to a Section 8(d)(2) Notice and who then fails to vote, offer to vote, correct the Registrar's record, or otherwise have their eligibility to vote confirmed for a period of time including the next two general federal elections.

### *Deceased Registrants*

10. Consistent with the NVRA, Defendants agree to take reasonable steps to review their ability to identify registered voters who may have died in other California counties or in other states, including reviewing any existing contracts relating to this subject, and will review the use of the Social Security Administration's Death Master File for this purpose.

### *Reporting*

11. In January of each year, Defendants shall communicate in writing with Judicial Watch, describing in summary Los Angeles County's existing programs, activities, and procedures for complying with the list maintenance requirements of Section 8 of the NVRA, including programs relating to felons and those adjudicated mentally incompetent. Plaintiffs may request reasonable clarifications or explanations in a responsive writing to Defendants. Defendants may respond as they deem appropriate.

12. During the course of the Action, Judicial Watch filled out the applicable forms, followed the applicable procedures, and paid any applicable fees, set forth in California law, regarding a request for an official voter list, and Defendants provided the requested voter list to Judicial Watch. If, in the future, any of the Plaintiffs fill out the applicable forms, follow the applicable procedures, and pay the applicable fees, set forth in California law, regarding a request for an official voter list, Defendants will follow applicable statutory and regulatory requirements and procedures.

13. In January of each year, Defendants shall provide the following information to Judicial Watch for the sole purpose of ascertaining compliance with this Agreement:

    (a) The number of active registrations in Los Angeles County.

    (b) The total number of registrations on Los Angeles County's inactive

file of registered voters.

(c) The number of registrations placed on Los Angeles County's inactive file in the past year.

(d) The number of registrations that have been continuously on Los Angeles County's inactive file (or that have shown no voting-related activity) for

    (i) two consecutive general federal elections,

    (ii) three consecutive general federal elections,

    (iii) four consecutive general federal elections, and

    (iv) five or more consecutive general federal elections.

(e) The number of Section 8(d)(2) Notices that Los Angeles County, within the past year,

    (i) sent to registrants,

    (ii) received back from voters confirming registration,

    (iii) received back confirming registration should be invalidated,

    (iv) received back as undeliverable, and

    (v) sent but did not receive back.

(f) All updates to, or new, manuals, formal guidance, advisory opinions, training materials, FAQs, and administrative regulations governing or concerning how Los Angeles County is to comply with the list maintenance requirements of Section 8 of the NVRA, including programs relating to felons and those adjudicated mentally incompetent.

### *Enforcement and Term*

14. The Parties to this Agreement must employ best efforts to defend it against any legal challenge by non-parties.

15. The Parties acknowledge and agree that this Agreement shall become effective upon (1) dismissal of this Action by this Court, with the Court retaining jurisdiction to enforce this Agreement if necessary (which dismissal occurred on September 5, 2018), and (2) execution by the last signatory to this Agreement (such date, the "Effective Date").

16. The Parties' obligations under this Agreement shall remain in effect and its terms shall remain enforceable upon all parties through a date that is 60 days after the date on which the results of the general federal election of November 2024 are certified, on which date the Agreement will terminate automatically unless the Parties mutually agree to extend it or the Court determines that the Defendants have not substantially complied with its terms.

17. The Parties agree to work cooperatively to ensure that the Court shall retain jurisdiction over this Action and to enter such further relief as may be necessary for the effectuation of the terms of this Agreement.

18. Each party shall bear its own costs and fees in connection with the Action.

19. The signatories to this Agreement represent that they are authorized to execute and bind themselves or their respective organizations or agencies to this Agreement.

### *Releases*

20. Except for claims to enforce the terms of this Agreement, and in consideration of the mutual promises set forth in this Agreement:

   (a) Plaintiffs hereby release and discharge the Defendants and each of their predecessors-in-interest, successors-in-interest, divisions, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, affiliates under common ownership, executors, heirs, administrators, parents, officers, managers, shareholders, directors, employees, insurers,

attorneys, agents and each of their respective successors and assigns from any and all liabilities, actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, promises, acts, costs, expenses (including, but not limited to, reasonable attorneys' fees), damages, judgments and demands, contingent or vested, in law or equity, Plaintiffs ever had or now have against Defendants, from the beginning of the world through the Effective Date of this Agreement.

(b) Defendants hereby release and discharge the Plaintiffs and each of their predecessors-in-interest, successors-in-interest, divisions, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, affiliates under common ownership, executors, heirs, administrators, parents, officers, managers, shareholders, directors, employees, insurers, attorneys, agents and each of their respective successors and assigns from any and all liabilities, actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, promises, acts, costs, expenses (including, but not limited to, reasonable attorneys' fees), damages, judgments and demands, contingent or vested, in law or equity, Defendants ever had or now have against Plaintiffs, from the beginning of the world through the Effective Date of this Agreement.

### *Entire Agreement*

21. This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein. No supplementation, modification,

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### Counterparts

22.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

By: _[signature]_
Its: _President_

Wolfgang Kupka

_____

Rhue Guyant

Election Integrity Project California, Inc.

By: _____
Its: _____

Jerry Griffin

_____

Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

Alex Padilla, in his official capacity as California Secretary of State

_____

_____

**Approved as to form:**

Los Angeles County Counsel

By: _____
Nicole Davis Tinkham
Assistant County Counsel

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

~~Judicial Watch, Inc.~~

By: *Linda Paine*
Its: *President*

Election Integrity Project California, Inc.

By: _____
Its: _____

Wolfgang Kupka

_____
Rhue Guyant

_____
Jerry Griffin

_____
Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

Alex Padilla, in his official capacity as California Secretary of State

_____

_____

**Approved as to form:**

Los Angeles County Counsel

By: _____
Nicole Davis Tinkham
Assistant County Counsel

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

By:_____
Its:_____

Election Integrity Project California, Inc.

By:_____
Its:_____

Wolfgang Kupka

Rhue Guyant

Jerry Griffin

Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

Alex Padilla, in his official capacity as California Secretary of State

**Approved as to form:**

Los Angeles County Counsel

By: _____
Nicole Davis Tinkham
Assistant County Counsel

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

By:_____
Its:_____

Election Integrity Project California, Inc.

By:_____
Its:_____

Wolfgang Kupka

Rhue Guyant

Jerry Griffin

Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

Alex Padilla, in his official capacity as California Secretary of State

**Approved as to form:**

Los Angeles County Counsel

By: _____
   Nicole Davis Tinkham
   Assistant County Counsel

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

By:_____
Its:_____

Election Integrity Project California, Inc.

By:_____
Its:_____

_____
Wolfgang Kupka

_____
Rhue Guyant

*/s/ Jerry J. Griffin*
Jerry Griffin

_____
Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

_____

Alex Padilla, in his official capacity as California Secretary of State

_____

**Approved as to form:**

Los Angeles County Counsel

By: _____
Nicole Davis Tinkham
Assistant County Counsel

### *Entire Agreement*

21.    This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein. No supplementation, modification, waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**
Judicial Watch, Inc.

                                      Wolfgang Kupka

By:_____
Its:_____
                                      Rhue Guyant

Election Integrity Project California, Inc.

                                      Jerry Griffin

By:_____
Its:_____

*Delores M. Mars* (signature)
Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

                                  Alex Padilla, in his official capacity as California Secretary of State

**Approved as to form:**
Los Angeles County Counsel

By:  _____
      Nicole Davis Tinkham
      Assistant County Counsel
1544154.1

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

By:_____
Its:_____

Election Integrity Project California, Inc.

By:_____
Its:_____

_____
Wolfgang Kupka

_____
Rhue Guyant

_____
Jerry Griffin

_____
Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

_____

Alex Padilla, in his official capacity as California Secretary of State

*/s/ Steven Reyes   12/3/18*
STEVEN REYES
CHIEF COUNSEL, CALIF. SECRETARY OF STATE

**Approved as to form:**

Los Angeles County Counsel

By: _____
    Nicole Davis Tinkham
    Assistant County Counsel

waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

22.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

Judicial Watch, Inc.

Wolfgang Kupka

By:_____
Its:_____

Rhue Guyant

Election Integrity Project California, Inc.

Jerry Griffin

By:_____
Its:_____

Delores M. Mars

Dean C. Logan, in his official capacity as Registrar-Recorder/County Clerk of Los Angeles County

Alex Padilla, in his official capacity as California Secretary of State

*/s/ Dean C. Logan*

**Approved as to form:**

Los Angeles County Counsel

By: *[signature]*
NICOLE A. DAVIS TINKHAM
Assistant County Counsel